**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REINA A. TEJADA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-315H-15-0261-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DATE: January 8, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence E. Tomscha, New York, New York, for the appellant.

Daniel Cummings, Syracuse, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   The agency appointed the appellant to the position of Medical Supply Technician on July 13, 2014, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5, Subtabs 4I-4J. Less than a year later, the agency terminated the appellant from service, citing performance deficiencies and damage to agency equipment. IAF, Tab 5, Subtabs 4A-4C. The termination notice informed the appellant of her limited Board appeal rights, based upon her status as a probationary employee. IAF, Tab 5, Subtab 4B.

¶3   The appellant filed the instant appeal, challenging her termination. IAF, Tab 1. The administrative judge explained the Board's limited jurisdiction and directed the appellant to meet her jurisdictional burden of proof. IAF, Tab 3. The appellant responded, alleging that the agency's termination letter granted her jurisdiction and asserting that the agency violated her due process rights. IAF, Tab 4 at 2 (referencing IAF, Tab 5, Subtab 4B; 5 C.F.R. § 315.805). In turn, the agency moved to dismiss the appeal. IAF, Tab 5 at 1-2.

¶4   Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID). The

appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). An appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013).

¶6      It is undisputed that, as a probationary employee in the competitive service with less than 1 year of current continuous service, the appellant has no statutory right of appeal to the Board under 5 U.S.C. chapter 75. IAF, Tab 5, Subtabs 4A, 4H, 4I; *see* 5 U.S.C. § 7511(a)(1)(A); *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005). Moreover, she did not allege that her termination was based upon either partisan political reasons or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R. § 315.806(b). Instead, the appellant's petition reasserts that the agency granted her the right to appeal to the Board, and suggests that her termination was not in accordance with the procedural requirements of 5 C.F.R. § 315.805. PFR File, Tab 1 at 2.

¶7      We first note that the appellant appears to have misunderstood the agency's termination notice. *See* IAF, Tab 4 at 2; PFR File, Tab 1 at 2. Although that notice provided information concerning the appeal rights of a probationary employee, generally, it did not grant the appellant any right to appeal. IAF, Tab 5, Subtab 4B; *see generally Waldrop v. U.S. Postal Service*, 72 M.S.P.R. 12, 15 (1996) (recognizing that an agency cannot confer jurisdiction where it does not otherwise exist).

¶8     We next note that the appellant's reliance on 5 C.F.R. § 315.805 is misplaced.  Pursuant to 5 C.F.R. § 315.805, an agency must follow certain prescribed procedures when it proposes terminating a probationary employee "for reasons based in whole or in part on conditions arising before [her] appointment."  Pursuant to 5 C.F.R. § 315.806(c), "a probationer whose termination is subject to § 315.805 may appeal [to the Board] on the ground that [her] termination was not effected in accordance with the procedural requirements of that section."

¶9     Although the appellant has alleged that the agency failed to follow the procedures listed in 5 C.F.R. § 315.805, she has not alleged that her termination was based in whole or in part on conditions arising before her appointment and, therefore, subject to those procedures.  IAF, Tab 4; PFR File, Tab 1; *cf. Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶¶ 2, 5 (2008) (finding that the procedural requirements of 5 C.F.R. § 315.805 applied if the agency terminated a probationary employee based, in part, on her failure to timely file tax returns several years before her appointment); *Munson v. Department of Justice*, 55 M.S.P.R. 246, 249-50 (1992) (finding that the procedural requirements of 5 C.F.R. § 315.805 applied where the agency terminated a probationary employee for making false statements in her employment interview, prior to her appointment).  Instead, the appellant has acknowledged that the agency terminated her for post-appointment reasons—allegations of deficient performance and damage to agency equipment.  PFR File, Tab 1 at 1-2; IAF, Tab 5, Subtab 4B.  Accordingly, the appellant has failed to nonfrivolously allege that the Board has jurisdiction over her probationary termination.

¶10    Because the appellant has failed to meet her jurisdictional burden, we will not address the appellant's remaining arguments concerning the merits of her termination.  PFR File, Tab 1 at 1-2; *see Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (recognizing that a decision on the

merits would be a nullity in the absence of Board jurisdiction). We affirm the administrative judge's dismissal of the appeal for lack of jurisdiction.[2]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

---

[2] The initial decision did not discuss the Board's jurisdiction under 5 C.F.R. §§ 315.805, 315.806(c), and why they did not apply in this case. *See* ID. Nevertheless, the appellant received proper notice of her jurisdictional burden, including notice pertaining to 5 C.F.R. §§ 315.805, 315.806(c), and she failed to meet that burden. IAF, Tab 3 at 2-4, Tab 4; PFR File, Tab 1. Therefore, the fact that the initial decision failed to specifically address 5 C.F.R. §§ 315.805, 315.806(c) is of no consequence. *See Hunter v. Department of Justice*, 73 M.S.P.R. 290, 293-94 (1997); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.